UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| STEPHEN L. BROWN, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No.: 3:15-CV-20-PLR-CCS |
| | ) |
| TACALA TENNESSEE CORP., | ) |
| | ) |
| Defendant/ | ) |
| Third-Party Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| McLANE FOODSERVICE, INC., | ) |
| | ) |
| Third-Party Defendant. | ) |

## MEMORANDUM AND ORDER

McLane Foodservice has moved to dismiss Tacala's Third-Party Complaint, or alternatively, to compel arbitration. Because Tacala is obligated to submit its claims against McLane to mediation and then, if mediation is not successful, to binding arbitration in accordance with the Participant Distribution Joinder Agreement, McLane's motion to compel arbitration and dismiss the Third-Party Complaint will be granted.

**Factual Background**

Stephen Brown filed this action against Tacala for injuries he sustained on December 18, 2013. On that date, while in the course of his employment with McLane,

Brown was making a delivery to Tacala's Taco Bell restaurant in Pigeon Forge, Tennessee. Brown alleges that he was using a hand truck when he slipped and fell on a greasy/oily substance on the floor, injuring himself.

Brown alleges that Tacala had a duty to maintain its premises in a clean and safe condition for its business invitees, but failed to do so, and also failed to warn him of the alleged dangerous condition. Brown alleges that as a direct and proximate result of Tacala's negligence, he was injured.

Tacala filed a Third-Party Complaint against McLane alleging contractual indemnity, common law indemnity, and breach of contract based on McLane's breach of its duty to exercise due care in providing training, supervision, equipment, tools, and protective clothing and/or shoes to Brown. The claims against McLane arise out of the relationship between Tacala and McLane, which is governed by the Participant Distribution Joinder Agreement[1] between McLane and Tacala. The Agreement required McLane to maintain "a policy of commercial general liability insurance, including, but not limited to, public liability, completed operations and product liability coverage," and to add Tacala as an additional insured on such coverages. The Agreement also required the parties to resolve "by mediation any claim, dispute or controversy arising out or related to this [Agreement]."

---

[1] Although matters outside of the pleadings are generally not to be considered by a court ruling on a 12(b)(6) motion, documents that a defendant attaches to such a motion are considered part of the pleadings if the documents are referred to in the plaintiff's complaint and are central to the claims made. *Weiner v. Klais,* 108 F.3d 86, 88-89 (6th Cir. 1997). Here, Tacala references and relies upon the Participant Distribution Joinder Agreement in its claims against McLane in the Third-Party Complaint. This document is central to Tacala's claims and will be considered by the Court in resolving the instant motion.

2

**Discussion**

The Federal Arbitration Act (FAA), 9 U.S.C. § 2, *et seq.,* "is a Congressional declaration of a liberal federal policy favoring arbitration agreements, notwithstanding any state substantive or procedural policies to the contrary." *Asplundh Tree Expert Co. v. Bates,* 71 F.3d 592, 595 (6th Cir. 1995). It mandates that arbitration clauses in commercial contracts "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The provisions of the FAA are mandatory. *See* 9 U.S.C. §§ 3-4. "By its terms, the Act leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds, Inc. v. Byrd,* 470 U.S. 213, 218 (1985).

When a party asks a federal court to compel arbitration of a dispute, the Court must determine whether the parties agreed to arbitrate the dispute at issue. *Stout v. J.D. Byrider,* 228 F.3d 709, 714 (6th Cir. 2000). Because arbitration is a matter of contract, a party cannot be required to submit to arbitration a dispute it did not agree to arbitrate. *AT&T Techs. Inc. v. Comm. Workers of Am.,* 475 U.S. 643, 648-49 (1986). When a contract contains an arbitration clause, however, doubts regarding the scope of the clause should be resolved in favor of submitting a particular dispute to arbitration. *Id.* at 650.

In determining whether parties agreed to arbitrate a particular dispute, the Court must conduct a two-part inquiry. *Pippenger v. Merrill Lynch,* 2009 WL 2244613 at *2 (E.D.Tenn. July 29, 2009). The Court must first evaluate whether a valid agreement to

3

arbitrate exists between the parties and, second, whether the specific dispute at issue falls within the substantive scope of that agreement. *Watson Wyatt & Co., v. SBC Holdings, Inc.,* 513 F.3d 646, 649 (6th Cir. 2008).

Here, a valid agreement to arbitrate exists between Tacala and McLane. Paragraph 20 of the Participant Distribution Joinder Agreement contains a specific alternative dispute resolution provision that requires "any claim, dispute or controversy arising out of or relating to this [Agreement]" be resolved via mediation, or if that is unsuccessful, binding arbitration conducted in Louisville, Kentucky, in accordance with the Commercial Arbitration Rules of the American Arbitration Association. The bases for Tacala's claims against McLane are the Agreement itself, or only arise as a result of the contractual relationship between the parties. Therefore, Tacala's claims of contractual indemnity, common law indemnity, and breach of contract fall within the broad scope of the alternative dispute resolution provision which covers any claim that arises out of, or relates to, the parties' Agreement.

Tacala argues that the alternative dispute resolution provision should not be enforced for two reasons: (1) the dispute at issue is beyond the scope of the Agreement; and (2) compelling arbitration could lead to inconsistent results. The Court disagrees. First, without the Agreement, there would be no relationship between Tacala and McLane and no basis for Tacala's indemnification claims against McLane. The fact that the underlying action between Brown against Tacala involves claims that do not arise out of the Agreement does not change the analysis. The Third-Party Complaint only involves claims between Tacala and McLane.

4

Second, Tacala's argument that the motion should be denied in order to avoid inconsistent results is not an adequate ground for release from an otherwise binding arbitration agreement. The United States Supreme Court has ruled that "the possibility of piecemeal litigation is a necessary and inevitable consequence of the FAA's policy that strongly favors arbitration." *PaineWebber, Inc. v. Cohen,* 276 F.3d 197, 203 (6th Cir. 2001). Tacala has two separate disputes – a negligence claim alleged by Brown against Tacala, and a claim by Tacala for breach of contract, contractual indemnity, and common law indemnity against McLane. Consistent with the liberal federal policy in favor of arbitration, the Court finds that Tacala's claims against McLane should be submitted to arbitration in accordance with the contractual agreement between the parties. *See SL Tennessee, LLC v. Ochiai Georgia, LLC,* 2011 WL 7154486 at 3 (E.D.Tenn. Dec. 8, 2011) ("if a dispute presents multiple claims, some arbitrable and some not, the former must be sent to arbitration even if this will lead to piecemeal litigation").

Finally, the Court must consider whether to stay the third-party action pending arbitration or to dismiss it. The Court may dismiss rather than stay an action when all issues raised in the action are arbitrable. The Sixth Circuit has stated that "the weight of authority clearly supports dismissal of the case when all of the issues raised in the district court must be submitted to arbitration." *Green v. Ameritech Corp.,* 200 F.3d 967, 973 (6th Cir. 2000). Because all of Tacala's claims against McLane are arbitrable, the Court can find no reason to stay this matter pending arbitration. Further, dismissal of the Third-Party Complaint does not impair either party's ability to seek post-arbitration relief to obtain judicial review of any arbitration award.

5

**Conclusion**

For the reasons discussed, McLane's motion to compel arbitration and to dismiss [R. 24] is **GRANTED.** Tacala and McLane are **ORDERED** to mediate/arbitrate the claims raised in the Third-Party Complaint pursuant to the terms of the Participant Distribution Joinder Agreement. In light of this decision, the Third-Party Complaint is **DISMISSED.**

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE